UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND K. HOWELL, SR., <br><br> Plaintiff, <br><br> v. <br><br> HOLLAND AMERICA LINE INC., et al., <br><br> Defendants. | CASE NO. C13-0730JLR <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR TO COMPEL DISCOVERY |

## I.   INTRODUCTION

Before the court is Defendants Holland America Line Inc., Holland America Line-USA Inc., and Holland America Line N.V. d/b/a Holland America Line N.V. LLC's (collectively "HAL") motion to dismiss the complaint of Plaintiff Raymond K. Howell, Sr., pursuant to Federal Rule of Civil Procedure 37(d) or, in the alternative, to compel discovery.  (Mot. (Dkt. # 29).)  The court has reviewed the motion, all submissions filed

ORDER- 1

in support thereof and in opposition thereto, the balance of the record, and the applicable law.  Being fully advised, the court GRANTS in part and DENIES in part the motion.

## II.     BACKGROUND

This action is for personal injuries.  (*See generally* Compl. (Dkt. # 1).)  Mr. Howell alleges that he was a passenger aboard a Holland America cruise liner on April 27, 2012, when he slipped and fell while attempting to take a shower.  (*Id.* ¶¶ 4-6.)  Mr. Howell alleges that he broke his fifth and sixth vertebrae and suffered other substantial injuries as a result of his fall.  (*Id.* ¶ 8.)  He alleges that he remained hospitalized for an extended period of time and has been forced to utilize a walker.  (*Id.* ¶ 9.)  He alleges that HAL was both negligent and breached its contractual duties to him.  (*Id.* ¶¶ 10-11.)

Mr. Howell filed this action on April 25, 2013.  (*See generally* Compl.)  HAL propounded its first set of written discovery requests to Mr. Howell on May 20, 2013.  (*See* 6/26/14 Wright Decl. (Dkt. # 30) Ex. 1.)  HAL's discovery requests included twenty interrogatories and twenty-one requests for production.  (Reply (Dkt. # 36) at 6.)

On June 16, 2013, Mr. Howell's first attorney moved to withdraw as his counsel.  (1st Mot. to Withdraw (Dkt. # 7).)  On July 8, 2013, the court granted this motion.  (7/8/13 Order (Dkt. # 8).)  Mr. Howell later retained two more attorneys (*see* 7/22/13 Notice of App. (Dkt. # 9); 1/17/14 Notice of App. (Dkt. # 16)), but both of these attorneys also moved to withdraw.  (*See* 2d Mot. to Withdraw (Dkt. # 17); 3d Mot. to Withdraw (Dkt. # 20).)  The court granted these motions as well.  (*See* 3/13/14 Order (Dkt. # 19); 4/2/14 Order (Dkt. # 21).)  Since his last attorney withdrew, Mr. Howell has been proceeding *pro se* with his lawsuit.  Although he has indicated to the court that he is

attempting to retain new counsel in Seattle, Washington (Resp. (Dkt. # 34) at 1), to date, no such counsel has appeared. (*See generally* Dkt.)

On May 1, 2014, more than one year after HAL served its initial discovery requests, HAL sent Mr. Howell (at his request) another copy of its discovery requests in Word format on compact disc. On May 14, 2014, Mr. Howell stated in a phone conversation with counsel for HAL that he would provide responses to the discovery requests by the end of May, 2014. (Wright Decl. ¶ 2, Ex. 1.)

Between June 23-25, 2014, HAL's counsel repeatedly attempted to contact Mr. Howell both by telephone and by facsimile to request a conference to discuss the overdue discovery responses. (Wright Decl. ¶ 3, Ex. 1.) Although counsel was unable to reach Mr. Howell, in each phone message and facsimile, counsel left a message requesting a discovery conference and requesting that Mr. Howell provide his discovery responses prior to June 25, 2014, in order to avoid the present motion to compel. (*Id.*) Mr. Howell states that he did not respond to counsel because he was at Johns Hopkins Medical Clinic in Maryland to address medical issues caused by the accident that is at issue in this lawsuit. (Resp. at 3.)

Counsel for HAL testifies that Mr. Howell has never responded to HAL's interrogatories or requests for production of documents. (Mot. at 3; Wright Decl. ¶ 7.) Mr. Howell asserts that he "has provided as many answers to Defendants' Interrogatory [sic] and Requests for Production as possible to date," although he provides no details concerning any response he has provided. (Resp. at 3.) He claims that his response "has been hampered by lack of an operational computer due to hacking," although "[a] new

ORDER- 3

one came on line on July 2, 2014." (*Id.* at 3-4.) He also asserts that he is "a 79 year old veteran" and "is juggling many everyday problems." (*Id.* at 4.)[1]

On May 22, 2014, Mr. Howell sent HAL 13 pages of medical records to give HAL "a picture of part of" his medical condition since the alleged slip and fall. (*See* Wright Decl. ¶ 6, Ex. 2.) He also stated that he would "send all" he had "once [he got] them in some state of organization." (*Id.* Ex. 2.) In addition, on July 1, 2014, Mr. Howell sent HAL a facsimile purporting to provide a complete response to HAL's interrogatory number 3. (*Id.* ¶ 12, Ex. 7.) Even assuming that the materials Mr. Howell sent to HAL on May 22, 2014, and July 1, 2014, constitute partial responses to some of HAL's discovery requests, the court considers Mr. Howell's responses to HAL's discovery requests to be woefully inadequate.

---

[1] In its reply memorandum, HAL raises for the first time issues concerning Mr. Howell's failure to appear for both his deposition and his independent medical examination ("IME"), which had been most recently noted by HAL for July 17, 2014, and July 18, 2014, respectively. (*See* Reply (Dkt. # 36) at 2-4 (providing "**ADDITIONAL RELEVANT FACTS**"); *id.* at 7-10 (providing argument as to why HAL is entitled to dismissal for Mr. Howell's failure to attend his deposition and IME).) The court will not consider these new issues raised for the first time in HAL's reply memorandum. *See Smith v. U.S. Customs and Border Control*, 741 F.3d 1016, 1020 n.2 (9th Cir. 2014) ("[W]e generally decline to consider new arguments . . . especially when they are raised for the first time in the reply brief . . . ."); *Lacey v. Maricopa Cnty.*, 649 F.3d 1118, 1138 n.11 (9th Cir. 2011) ("We do not consider new issues raised for the first time in a reply brief."). Nevertheless, the court notes that the parties are obligated to work together in good faith to schedule depositions and other discovery in accord with the Federal Rules of Civil Procedure and this court's Local Rules. Without some articulated, reasonable basis for doing so, a party's refusal to provide dates upon which that party is willing to be deposed or to submit to an IME is not generally reasonable conduct in discovery. Further, a plaintiff who refuses to appear for deposition or an IME after notice has been properly served risks the imposition of sanctions, including the possibility of dismissal of his action. *See* Fed. R. Civ. P. 37(d)(1)(A); Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

## III. ANALYSIS

HAL requests that the court dismiss Mr. Howell's action as a sanction for his failure to respond for more than one year to HAL's interrogatories and requests for production. (Mot. at 3-5.) Alternatively, HAL requests that the court order Mr. Howell to provide detailed responses to its discovery requests and also order Mr. Howell to pay the reasonable costs and attorney's fees that HAL incurred in pursuit of the discovery responses at issue here. (*Id.* at 5-6.)

The Federal Rules of Civil Procedure authorize the court to impose sanctions against a party who fails to respond to interrogatories or requests for production.[2] Fed. R. Civ. P. 37(d)(1)(A)(ii); Fed. R. Civ. P. 37(d)(3). Instead of or in addition to sanctions, the court must require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure to provide discovery, unless the failure was

---

[2] The Federal Rules of Civil Procedure provide that such sanctions may include:

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> **(iii)** striking pleadings in whole or in part;
>
> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part; [or]
>
> **(vi)** rendering a default judgment against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); Fed. R. Civ. P. 37(d)(3) ("Sanctions [under Fed. R. Civ. P. 37(d)(1)] may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).")

1  "substantially justified or other circumstances make an award of expenses unjust."  Fed.
2  R. Civ. P. 37(d)(3).  "By the very nature of its language, sanctions imposed under Rule
3  37 must be left to the sound discretion of the trial judge."  *O'Connell v. Fernandez-Pol*,
4  542 F. App'x 546, 547-48 (9th Cir. 2013) (citing *Craig v. Far West Eng'g Co.*, 265 F.2d
5  251, 260 (9th Cir. 1959)).

6  Dismissal is a harsh penalty, and the court should impose it only in extreme
7  circumstances.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  The Ninth
8  Circuit requires the court to consider five factors in determining whether to dismiss a case
9  under Rule 37: "(1) the public's interest in expeditious resolution of litigation; (2) the
10 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the
11 public policy favoring disposition of cases on their merits; and (5) the availability of less
12 drastic sanctions."  *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir.
13 1987).  After considering these factors, the court concludes that they do not support the
14 entry of dismissal as a sanction at this time.

15 With respect to the first two factors, there is no doubt that Mr. Howell's
16 extraordinary delinquency in responding to HAL's discovery requests has caused HAL
17 frustration and delayed the progress of discovery in this litigation overall.  Nevertheless,
18 the discovery cut-off is not until November 3, 2014, and the trial date of March 2, 2015,
19 and dispositive motions deadline of December 2, 2014, are still in place.  Although the
20 court does not minimize the serious delay engendered by Mr. Howell's conduct, the court
21 concludes that, as of this date, neither the public's interest in expeditious resolution of
22

litigation nor the court's need to manage its docket weigh in favor of dismissal as a sanction.

In addition, the risk of prejudice to HAL (the third factor) remains minimal at this point in time. Assuming that Mr. Howell produces responses to HAL's interrogatories and requests for production of documents and begins to work reasonably cooperatively with HAL's counsel in scheduling other discovery, such as Mr. Howell's deposition and IME, HAL still has sufficient time to complete its outstanding discovery before the discovery cut-off date. Thus, the court concludes that the risk of prejudice to HAL does not yet weigh in favor of imposing terminal sanctions.

The fourth factor—the public policy favoring dispositions on the merits—nearly always weighs against the entry of dismissal as a sanction. The court finds no reason to conclude otherwise here.

Finally, the court believes that less drastic sanctions are still available. In this regard, the court notes that Mr. Howell has demonstrated compliance with the court's prior orders. Although HAL was forced to bring an earlier motion to compel Mr. Howell to produce medical releases (*see* 6/12/14 Order (Dkt. # 24)), Mr. Howell timely complied with the court's order directing him to produce the releases. (*See* 6/30/14 Resp. (Dkt. # 31) at 2 (confirming that Mr. Howell "provided executed releases to Defense counsel on June 22, 2014, by facsimile.").) Thus, the court concludes that less drastic sanctions are still available, and therefore, this final factor also weighs against the entry of terminal sanctions. Overall, the factors that the Ninth Circuit directs the court to consider overwhelmingly do not support the imposition of dismissal as a sanction at this time.

Nevertheless, the court is mindful that any further unwarranted delay by Mr. Howell in responding to HAL's properly noted and served discovery requests may alter the court's analysis of the factors above. Although there is still sufficient time for the parties to complete discovery, there is no longer any time to waste. Mr. Howell's failure to respond to HAL's interrogatories and requests for production for more than one year represents highly unwonted delay. None of the excuses Mr. Howell offers in his response to HAL's motion justify a delay of this extraordinary length (*see generally* Resp.), and the court warns Mr. Howell that it will not tolerate any future unreasonable delays in the discovery process. Accordingly, the court orders Mr. Howell to fully respond to all of HAL's requests for production of documents and interrogatories within fourteen days of the date of this order.

HAL also requests that the court award its reasonable attorney's fees as an additional sanction under Federal Rule of Civil Procedure 37(d)(3). (Mot. at 6.) Although Mr. Howell is presently proceeding pro se in this litigation, the court notes the fact that during much of the time that Mr. Howell failed to respond to HAL's discovery requests he was represented by counsel. None of these attorneys, however, are presently before the court to account for their responsibility, if any, for the delay in Mr. Howell's responses. The court finds that this circumstance would render any award of expenses against Mr. Howell unjust at this time. *See* Fed. R. Civ. P. 37(d)(3) (stating in pertinent part that the court "must require the party failing to act . . . to pay the reasonable expenses, caused by the failure, unless . . . other circumstances make an award of expenses unjust."). Nevertheless, the court warns Mr. Howell that any further unjustified

or unwarranted delay on his part in responding to properly noted and served discovery requests may result in an award of reasonable expenses against him as permitted under Federal Rule of Civil Procedure 37.

Finally, although the court is mindful of Mr. Howell's pro se status and the special solicitude that courts provide pro se litigants in reviewing their filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . .") (internal quotations omitted), the court nevertheless reminds Mr. Howell that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *Briere v. Chertoff*, 271 F. App'x 682, 683 (9th Cir. 2008) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012)). Mr. Howell elected to bring this action, and even though he is now proceeding pro se, he is still bound by the rules governing litigation. The court, therefore, stresses to Mr. Howell the importance of complying with this order and responding to HAL's interrogatories and requests for production within 14 days of the date of this order. The court warns Mr. Howell that his failure to timely comply with this order in good faith may result in the imposition of monetary sanctions, evidentiary sanctions, and/or the dismissal of his complaint. *See* Fed. R. Civ. P. 37.

## IV.  CONCLUSION

Based on the foregoing, the court GRANTS in part and DENIES in part HAL's motion to dismiss or in the alternative to compel discovery (Dkt. # 29). The court DENIES HAL's request that the court dismiss Mr. Howell's complaint as a sanction for

ORDER- 9

1 | his conduct in discovery.  The court, however, GRANTS HAL's motion to compel
2 | discovery responses from Mr. Howell.  The court ORDERS Mr. Howell to provide
3 | complete responses to HAL's interrogatories and requests for production within fourteen
4 | days of the date of this order.  The court warns Mr. Howell that his failure to timely
5 | comply with this order in good faith may result in the imposition of sanctions against
6 | him, including monetary sanctions, evidentiary sanctions, and/or case dispositive
7 | sanctions, such as dismissal of his complaint.

Dated this 30th day of July, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 10