1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

RAYMOND K. HOWELL SR.,

          Plaintiff,

        v.

HOLLAND AMERICA LINE USA
INC., et al.,

          Defendants.

CASE NO. C13-0730JLR

ORDER GRANTING MOTION
FOR SANCTIONS

16

17

18

19

20

21

22

## I.      INTRODUCTION

Before the court is Defendants Holland America Line Inc., Holland America Line – USA Inc., and Holland America Line N.V. d/b/a Holland America Line N.V., LLC's (collectively "HAL") motion for sanctions against Plaintiff Raymond K. Howell, Sr. (*See* HAL Mot. (Dkt. # 42).)  Specifically, HAL asks the court to impose terminal sanctions by dismissing Mr. Howell's lawsuit without prejudice and to award costs and fees as well.  (*Id.* at 2 ("Defendants request an order dismissing Plaintiff's lawsuit with an

ORDER- 1

1  award of costs, including reasonable attorney's fees."").)  In addition, Mr. Howell has filed

2  a motion seeking a four-month extension of all case schedule deadlines to permit him

3  additional time to find an attorney and "to accommodate 3rd and 4th medical procedures

4  to correct continuing problems resulting from my fall . . . ." (Howell Mot. (Dkt. # 44) at

5  1.)  Because the court finds that Mr. Howell has repeatedly delayed the prosecution of his

6  lawsuit and generally has been unwilling to participate in discovery absent a court order,

7  the court grants HAL's motion for sanctions and dismisses Mr. Howell's lawsuit with

8  prejudice.  The court, however, declines to order Mr. Howell to pay HAL's expenses and

9  legal fees.  The court also denies Mr. Howell's motion for a four-month extension of the

10  case schedule deadlines for the reasons stated below.

11  ## II.    BACKGROUND

12      This action is for personal injuries.  (*See generally* Compl. (Dkt. # 1).)  Mr.

13  Howell alleges that he was a passenger aboard a Holland America cruise liner on April

14  27, 2012, when he slipped and fell while attempting to take a shower.  (*Id*. ¶¶ 4-6.)  Mr.

15  Howell alleges that he broke his fifth and sixth vertebrae and suffered other substantial

16  injuries as a result of his fall.  (*Id*. ¶ 8.)  He alleges that he remained hospitalized for an

17  extended period of time and has been forced to utilize a walker.  (*Id*. ¶ 9.)  He alleges that

18  HAL was both negligent and breached its contractual duties to him.  (*Id*. ¶¶ 10-11.)

19      Mr. Howell filed this action on April 25, 2013.  (*See generally* Compl.)  On June

20  19, 2013, Mr. Howell's first attorney moved to withdraw as his counsel.  (1st Mot. to

21  Withdraw (Dkt. # 7).)  On July 8, 2013, the court granted this motion. (7/8/13 Order (Dkt.

22  # 8).)  Mr. Howell later retained two more attorneys (*see* 7/22/13 Notice of App. (Dkt.

1    # 9); 1/17/14 Notice of App. (Dkt. # 16)), but both of these attorneys also moved to

2    withdraw.  (*See* 2d Mot. to Withdraw (Dkt. # 17); 3d Mot. to Withdraw (Dkt. # 20).)  The

3    court granted these motions as well.  (*See* 3/13/14 Order (Dkt. # 19); 4/2/14 Order (Dkt.

4    # 21).)  The court's April 2, 2014, order stated that until Mr. Howell retained another

5    local attorney, he should receive notice through his Nevada counsel at the time.  (4/2/14

6    Order at 1.)

7             On April 17, 2014, Mr. Howell's attorney in Las Vegas, Nevada, also moved to

8    withdraw.  (4th Mot. to Withdraw (Dkt. # 22).)  Although his Nevada attorney had never

9    formally appeared, he moved to withdraw "[o]ut of an abundance of caution" because he

10   had been referenced by another lawyer as Mr. Howell's "Nevada counsel."  (*Id.* at 2.)

11   The motion was "based upon the breakdown in the attorney-client relationship."  (*Id.* at

12   1.)  The court granted this motion to withdraw on May 7, 2014.  (5/7/14 Order (Dkt. #

13   23).)

14            Since the court granted his last attorney's motion to withdraw, Mr. Howell has

15   been proceeding pro se with his lawsuit.  Although he previously indicated to the court

16   that he is attempting to retain new counsel in Seattle, Washington (Resp. (Dkt. # 34) at

17   1), to date, no such counsel has appeared.  (*See generally* Dkt.)  Indeed, Mr. Howell

18   indicates in his present motion for a four-month extension of the case schedule deadlines

19   that he now has exhausted all of his sources for finding new legal representation.

20   (Howell Mot. at 1 ("To find an attorney, I have exhausted very [sic] path I could think of

21   as a source.").)

22            On May 22, 2014, HAL filed its first motion to compel against Mr. Howell asking

ORDER- 3

1  the court to order Mr. Howell to sign medical releases for medical records relevant to his

2  lawsuit.  (5/22/14 HAL Mot. (Dkt. # 24).)  On June 12, 2014, the court granted HAL's

3  motion and "cautioned" Mr. Howell "that failure to follow court orders may result in

4  dismissal of [his] claim."  (6/12/14 Order (Dkt. # 27) at 2.)

5        On June 26, 2014, HAL filed its second motion to compel or dismiss against Mr.

6  Howell.  (6/26/14 HAL Mot. (Dkt. # 29).)  Specifically, HAL asked the court to compel

7  Mr. Howells' responses to HAL's interrogatories and requests for production or to

8  dismiss his lawsuit.  (*See id.*)  HAL had served Mr. Howell with its interrogatories and

9  requests for production of documents May 20, 2013, but at the time of its motion (more

10  than one year later) had succeeded in obtaining only a partial response.  (*See* 7/30/14

11  Order (Dkt. # 40) at 2.)

12        On July 30, 2014, the court granted in part and denied in part HAL's second

13  motion.  (*See generally id.*)  The court declined to dismiss Mr. Howell's lawsuit, but

14  characterized his responses as "woefully inadequate" and his delay of more than one year

15  as "highly unwonted."  (*Id.* at 2, 8.)  The court ordered Mr. Howell to "fully respond to

16  all of HAL's requests for production of documents and interrogatories within fourteen

17  days."  (*Id.* at 8.)  The court also expressly warned Mr. Howell that "there [wa]s no

18  longer any time to waste," that the court would "not tolerate any future unreasonable

19  delays in the discovery process," and "that any further unwarranted delay in responding

20  to HAL's properly noted and served discovery requests may alter the court's analysis"

21  with respect to dismissal of his action.  (*Id.*)

22        In its reply memorandum with respect to the foregoing motion, HAL also raised

ORDER- 4

concerns about Mr. Howell's failure to appear for his properly noted deposition and

independent medical examination ("IME").  (*See* 7/30/14 Order at 4, n.1 (citing 7/17/14

Reply (Dkt. # 36) at 2-4 (providing "ADDITIONAL RELEVANT FACTS"); *id*. at 7-10

(providing argument as to why HAL is entitled to dismissal for Mr. Howell's failure to

attend his deposition and IME)).)  Because these issues were raised for the first time in

HAL's reply memorandum, the court declined to rule on them.  (*Id.*)  The court,

nevertheless, expressly warned Mr. Howell, as follows:

> Without some articulated, reasonable basis for doing so, a party's refusal to provide dates upon which that party is willing to be deposed or to submit to an IME is not generally reasonable conduct in discovery.  Further, a plaintiff who refuses to appear for deposition or an IME after notice has been properly served risks the imposition of sanctions, including the possibility of dismissal of his action. See Fed. R. Civ. P. 37(d)(1)(A); Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

(7/30/14 Order at 4, n.1.)

HAL began attempting to schedule Mr. Howell's deposition and IME in

November, 2013, and continued to do so unsuccessfully with Mr. Howell's prior

attorneys over the next several months.  (Roberts Decl. (Dkt. # 26) ¶¶ 7-21, Ex. C.)

Because HAL was unable to schedule Mr. Howell's deposition and IME over the course

of several months, HAL finally set the dates unilaterally and on April 11, 2014, sent

deposition and IME notices to Mr. Howell's Nevada counsel, who forwarded the notices

to Mr. Howell.  (*Id.* ¶¶ 15, 22-23, Ex. N.)  In the notices, HAL scheduled both Mr.

Howell's deposition and IME for May 15, 2014.  (7/17/14 Wright Decl. (Dkt. # 37) ¶ 2,

Ex. 1.)

On April 30, 2014, Mr. Howell telephoned counsel for HAL and stated that he

1  could not attend his May 15, 2014, deposition and IME because he had a colonoscopy

2  appointment that day.  (*Id.* ¶ 3.)  Mr. Howell, however, refused to give HAL's counsel

3  alternative dates for his deposition and IME because he said that he wanted to schedule

4  an appointment with a physician at Johns Hopkins, but did not say when that appointment

5  would occur.  (*Id.*)

6       On May 14, 2014, HAL's counsel again spoke with Mr. Howell and asked for

7  alternative dates for his deposition and IME, but Mr. Howell once again declined to offer

8  any such dates.  (*Id.* ¶ 4.)  Accordingly, on May 16, 2014, HAL unilaterally rescheduled

9  Mr. Howell's deposition and IME for June 5 and June 6, 2014, respectively.  (*Id.*)

10      In a May 19, 2014, telephone conversation, Mr. Howell informed HAL's counsel

11  that he could not attend his deposition and IME on June 5 and 6, 2014, because he had

12  another appointment conflict and still had not scheduled an appointment with a doctor at

13  John Hopkins.  (*Id.* ¶ 5.)  HAL's counsel again asked Mr. Howell to provide alternative

14  dates on which he would be available for deposition and an IME.  (*Id.*)  Mr. Howell again

15  declined to provide any alternative dates "or even a timeline of when he would be

16  available for a deposition and IME."  (*Id.*)

17      On May 27, 2014, after Mr. Howell called defense counsel concerning his

18  availability, HAL sent a notice to Mr. Howell scheduling his deposition and IME for July

19  17 and 18, 2014, respectively.  (*Id.* ¶ 7, Ex. 3.)  On June 6, 2014, Mr. Howell confirmed

20  that he would be present for his July 17, 2014, deposition and requested transportation to

21  his July 18, 2014, IME in Tacoma, Washington.  (*Id.* ¶ 10, Ex. 6.)  On July 9, 2014, HAL

22  offered to provide Mr. Howell with taxi vouchers for transportation to his IME, but Mr.

1    Howell never responded.  (*Id.* ¶ 11.)

2         On July 16, 2014, HAL received a facsimile from Mr. Howell that included a

3    document entitled, "Plantiffs' [sic] Opposition to Defedants' [sic] Notice of Deposition

4    and Rule 35 Examination [IME]."  (*Id.* ¶ 15, Ex. 10.)  In another facsimile sent later that

5    same day, Mr. Howell informed HAL that he would not be attending his deposition and

6    IME on July 17 and 18, 2014.  (*Id.* ¶ 16, Ex. 11.)  As a result, HAL cancelled the IME

7    and incurred a late cancellation fee of $647.50.  (*Id.* ¶ 17, Ex. 12.)

8         On August 6, 2014, HAL sent notices to Mr. Howell scheduling his deposition for

9    August 27, 2014.  (8/19/14 Wright Decl. ¶ 2 Ex. 1.)  HAL's counsel requested that Mr.

10   Howell confirm in writing that he would be able to attend the deposition.  (*Id.*)  Mr.

11   Howell did not contact HAL's counsel.  (*Id.* ¶ 4.)  On August 15, 2014, counsel for HAL

12   received word that Mr. Howell would not attend his August 27, 2014, deposition.  (*Id.*

13   ¶ 8.)  On the same day, HAL's counsel sent Mr. Howell a facsimile requesting that he

14   provide by August 18, 2014, alternative dates for his deposition prior to the expert

15   testimony disclosure deadline of September 3, 2014.  (*Id.* ¶ 9, Ex. 4.)  On August 17,

16   2014, Mr. Howell sent a facsimile to HAL's counsel reiterating that he could not attend

17   his deposition on August 27, 2014, but again failing to provide any alternative dates on

18   which he could be deposed.  (*Id.* ¶ 10, Ex. 5.)  HAL's counsel telephoned Mr. Howell on

19   August 18, 2014, and again requested alternative dates for his deposition, but once again,

20

21

22

1   Mr. Howell declined to provide any.[1]  (*Id.* ¶ 11.)

2          On August 19, 2014, HAL filed its third and present motion against Mr. Howell

3   based on his failure to provide discovery.  (*See generally* HAL Mot.)  HAL again asks the

4   court to dismiss Mr. Howell's action and to award HAL reasonable attorney's fees and

5   expenses due to Mr. Howell's repeated failure to cooperate in scheduling his deposition

6   and IME and his repeated failure to appear for his properly noted deposition and IME.

7   (*See id.*)

8          In response to HAL's motion, Mr. Howell states generally that he "den[ies]

9   Defendants' allegation that [he] willfully refused to cooperate when attempts was [sic]

10  made to reach an agreement for Deposition [sic] dates" (Howell Resp. (Dkt. # 46) at 1),

11  but he does not specifically refute any of the facts stated above (*see generally id.*)  Most

12  importantly, Mr. Howell does not refute HAL's allegations that he repeatedly failed to

13  appear at properly noted depositions and IMEs and refused to provide any alternative

14  dates for the same.  (*See generally id.*)  Even if Mr. Howell was not available on the

15  specific dates noted by HAL, this does not explain his refusal to provide alternative dates.

16  Mr. Howell asserts that he has an appointment at Standford University Medical Hospital

17  and Clinic on October 13, 2014.  (Howell Resp. at 4.)  He does not, however, explain

18

19  _____

20  [1] On September 25, 2014, Mr. Howell filed an untimely document in which he asserts
    that on September 18, 2014, he told HAL's counsel that he would be available for his deposition
    and IME during the last week of October.  (Howell Reply (Dkt. # 50) at 3.)  The court notes,
21  however, that Mr. Howell only provide this window of time after HAL filed its present motion.
    Further, the last week of October is well after the September 3, 2014, cut-off for expert
    testimony disclosure and only a few days prior to the November 3, 2014, discovery cut-off.  (*See*
22  Sched. Order (Dkt. # 15) at 1.)

why this appointment should interfere with HAL's right to conduct an IME or to depose him. (*See generally id.*)

On August 20, 2014, Mr. Howell also filed a letter, which the court liberally construes as a motion requesting a four-month extension of the case schedule deadlines. (*See* Howell Mot.)  Mr. Howell requests additional time "to accommodate 3rd and 4th medical procedures to correct continuing problems resulting from [his] fall . . . ." (*Id.* at 1.)  Mr. Howell provides no indication of when these medical procedures will occur, why he needs to have them prior to his deposition or IME, or even what the procedures will entail. (*See generally id.*)  He also requests additional time so that he can continue to search for legal counsel and because it takes time for documents to be sent from the court in Seattle, Washington, to his home in Las Vegas, Nevada. (*Id.*)

The deadline for disclosure of expert testimony has already lapsed. (*See* Sched. Order (Dkt. # 15) at 1.)  That deadline expired on September 3, 2014. (*Id.*)  The discovery cutoff will occur on November 3, 2014. (*Id.*)  Trial is presently scheduled for March 2, 2015. (*Id.*)

### III.    ANALYSIS

The court first addresses Mr. Howell's request for a four-month extension of the case schedule deadlines and then considers HAL's motion for sanctions.

### A.  Mr. Howell's Motion for a Four-Month Extension of the Case Schedule

Under Federal Rule of Civil Procedure 16(b), the court "must issue a scheduling order" that "limit[s] the time to . . . complete discovery."  Fed. R. Civ. P. 16(b)(1), (3)(A).  The Rule further provide that "[a] schedule may be modified only for good cause

1   and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The court has broad discretion

2   to manage the pretrial phase of litigation.  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080,

3   1087 (9th Cir. 2002).  A court should only modify a scheduling order "if it cannot

4   reasonably be met despite the diligence of the party seeking the extension."  *Johnson v.*

5   *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  When evaluating

6   whether a party has been diligent, the Ninth Circuit advises that "the focus of the inquiry

7   is upon the moving party's reasons for modification.  If that party was not diligent, the

8   inquiry should end."  *Id.* (internal citation omitted); *see also Zivkovic*, 302 F.3d at 1087

9   (9th Cir. 2002) (quoting the same sections from Johnson with approval).  Courts may

10  consider prejudice to the non-moving party as an additional reason to deny the motion,

11  but they do not usually consider prejudice to the moving party—the focus with respect to

12  the moving party is on diligence.  *See id.* (stating that the plaintiff "did not demonstrate

13  diligence in complying with the dates set by the district court, and has not demonstrated

14  'good cause' for modifying the scheduling order").

15         Mr. Howell has not demonstrated good cause for a case schedule extension.  He

16  implies that HAL is not entitled to go forward with his deposition and IME because he

17  may incur additional medical procedures, but he has not explained why.  (Howell Mot. at

18  1.)  If HAL wants to move forward with Mr. Howell's deposition and IME knowing that

19  Mr. Howell's physical or medical situation may change as a result of subsequent medical

20  procedures, it is HAL that is incurring this risk.  Further, Mr. Howell has not explained

21  what the "3rd and 4th medical procedures" are, stated when those procedures will or are

22  likely to occur, or even delineated his attempts to schedule the procedures.  (*See*

ORDER- 10

1    *generally id*.)  He also asserts that he needs additional time to find an attorney.  (*Id.* at 1.)

2    Mr. Howell has had four attorneys withdraw from this action, and he has been proceeding

3    pro se with this litigation for months.  If he has been unable to acquire new counsel by

4    now, the court is not convinced any additional delay will enable him to do so.  Further,

5    Mr. Howell has acknowledged that he has already "exhausted" his sources with respect to

6    finding another attorney.  (Howell Mot. at 1.)  Therefore, the court cannot conclude that

7    additional delay will assist him in finding new counsel.

8           Based on Mr. Howell's history with respect to his conduct during discovery in

9    this litigation, the court also cannot conclude that he has demonstrated diligence.  To the

10   contrary, as delineated above, his delay in responding to discovery requests from HAL

11   has been extraordinary and the court has been required to issue orders to ensure his

12   compliance with the rules of discovery on two prior occasions.  (*See* 6/12/14 Order;

13   7/30/14 Order.)  With respect to the present motion, HAL began attempting to schedule

14   Mr. Howell's deposition and IME nearly eleven months ago.  Mr. Howell failed to

15   appear for his properly noted deposition and IME on multiple occasions.  Under Rule

16   37(d)(2), a party's failure to appear for his deposition "is not excused on the ground that

17   the discovery was objectionable, unless the party failing to act has a pending motion for

18   a protective order under Rule 26(c)."  Fed. R. Civ. P. 37(d)(2).  No such motion was

19   pending at any of the times that Mr. Howell failed to appear at his noted deposition.

20   Thus, the court cannot conclude that Mr. Howell has demonstrated diligence entitling

21   him to an extension of the case schedule, and its inquiry need go no further.  *See*

22

1    *Johnson*, 975 F.2d at 609.  The court denies Mr. Howell's motion for a four-month

2    extension of the case schedule.

3    **B.    HAL's Motion for Discovery Sanctions and Dismissal**

4         Federal Rule of Civil Procedure 37(d) provides that "[t]he court . . . may, on

5    motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to

6    appear for that person's deposition."  Fed. R. Civ. P. 37(d)(1)(A)(i).  "Sanctions may

7    include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."  Fed. R. Civ. P. 37(d)(3).

8    The listed sanctions include "dismissing the action or proceeding in whole or in part."

9    Fed. R. Civ. P. 37(b)(2)(A)(v).  "A district court has the discretion to impose the extreme

10   sanction of dismissal if there has been 'flagrant, bad faith disregard of discovery duties.'"

11   *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (quoting *Wanderer v. Johnston*,

12   910 F.2d 652, 655-56 (9th Cir. 1990) (citing *Nat'l Hockey League v. Metro. Hockey*

13   *Club, Inc.*, 427 U.S. 639, 643 (1976))).  Instead of or in addition to the sanctions listed in

14   Rule 37(b)(2)(A)(i)-(vi), "the court must require the party failing to act . . . to pay the

15   reasonable expenses, including attorney's fees, caused by the failure, unless the failure

16   was substantially justified or other circumstances make an award of expenses unjust."

17   Fed. R. Civ. P. 37(d)(3).

18        If a party fails to appear for a properly noticed deposition, sanctions may be

19   imposed even in the absence of a prior court order.  Fed. R. Civ. P 37(d)(1)(A)(i);

20   *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) (stating that sanctions including

21   dismissal, may issue for a complete or serious failure to respond to discovery, such as a

22   failure to appear for a deposition, even absent a court order compelling discovery).

1    Nevertheless, the imposition of terminal sanctions, such as dismissal of a plaintiff's

2    action, is very severe and only justified where the party's violations are due to

3    "willfulness, bad faith or fault."  *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hill*s,

4    482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912

5    (9th Cir. 2003)).   Because the sanction of dismissal is such a harsh penalty, the district

6    court must weigh five factors before imposing it: "(1) the public's interest in expeditious

7    resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of

8    prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of

9    cases on their merits; and (5) the availability of less drastic sanctions."  *Id.*[2]

10         First, the court considers whether Mr. Howell's repeated failure to appear at his

11   properly noted depositions and IME was due to "willfulness, bad faith, or fault."  *Id.* at

12   1096.  Mr. Howell's repeated failure to appear for his deposition after it had been

13   properly noted by HAL represents a willful failure to abide by the discovery rules.  This

14   is particularly true here because the court expressly warned Mr. Howell after he failed to

15   appear for his IME and deposition on July 17 and 18, 2014, "that a plaintiff who refuses

16   to appear for deposition or an IME after notice has been properly served risks the

17   imposition of sanctions, including the possibility of dismissal of his action."  (7/30/14

18   Order at 4, n.1.)  Further, HAL reminded Mr. Howell of this warning in its August 15,

19   2014, letter to him after it received notification that he did not intend to attend his

20

21        [2] The court weighs the fifth factor by evaluating three subparts:  (1) whether the court has
     considered lesser sanctions, (2) whether it has tried them, and (3) whether it warned the
22   recalcitrant party about the possibility of case dispositive sanctions.  *Conn. Gen. Life. Ins. Co.*,
     482 F.3d at 1096.

1   properly noted August 27, 2014, deposition.  (8/19/14 Wright Decl. (Dkt. # 43) Ex. 4 at

2   2.)  Despite these warnings, Mr. Howell nevertheless either failed or declined to attend

3   his noted depositions, provide alternative dates until after HAL's present motion was

4   filed, or file a motion for a protective order.

5            In evaluating willfulness, the court is mindful of Mr. Howell's pro se status.

6   Although a party's lack of counsel may be considered in evaluating the willfulness of

7   discovery violations and in weighing the other factors regarding dismissal, pro se status

8   does not excuse intentional noncompliance with discovery rules.  *See Lindstedt v. City of*

9   *Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (affirming the imposition of the sanction of

10   dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a

11   lawyer, particularly here with the fulfilling of simple requirements of discovery");

12   *Sanchez v. Rodriguez*, 298 F.R.D. 460, 470 (C.D. Cal. 2014) ("[P]ro se status does not

13   excuse intentional noncompliance with discovery rules . . . ."); *Gordon v. Cnty. of*

14   *Alameda*, No. CV-06-02997-SBA, 2007 WL 1750207, at *5 (N.D. Cal. June 15, 2007)

15   ("[P]ro se plaintiffs must abide by the rules of discovery, and when they fail to do so in

16   bad faith dismissal is warranted."); *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 208-09

17   (S.D.N.Y. 2002) ("[G]iving appropriate recognition as necessary to the difference of

18   status, Rule 37 sanctions may be applied to pro se litigants no less than to those

19   represented by counsel").  Although the court liberally construes pro se pleadings and

20   may afford some leeway to a pro se litigant, Mr. Howell is responsible for complying

21   with the Federal Rules of Civil Procedure.  *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-

22   65 (9th Cir. 1986) (holding that pro se parties are not excused from following the rules

ORDER- 14

1   and orders of the court); *see also Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)

2   (per curiam ) (failure of pro se litigant to follow procedural rules justified dismissal of

3   civil rights action).   Thus, the severe sanction of dismissal may be imposed even against a

4   pro se plaintiff, so long as a warning has been given that noncompliance can result in

5   dismissal, because all litigants have an obligation to abide by the court's rules.   Here, the

6   court properly warned Mr. Howell that his case could be dismissed if he failed to appear

7   at this deposition and the record recited above amply demonstrates that Mr. Howell's

8   repeated refusal to attend his properly noted deposition was willful.

9       The court now considers the five factors delineated by the Ninth Circuit.   The first

10  and second factors—the public's interest in expeditious resolution of litigation and the

11  court's need to manage its docket—favor dismissing this case.   Mr. Howell has

12  repeatedly failed to appropriately respond to proper requests for discovery from HAL—

13  starting with HAL's request for a release of medical records (*see* 6/12/14 Order),

14  continuing with HAL's interrogatories and requests for production (*see* 7/30/14 Order),

15  and culminating in HAL's present attempts to depose Mr. Howell and obtain an IME.   In

16  order to obtain Mr. Howell's compliance with the court's discovery rules, the court has

17  had to repeatedly enter orders compelling him to comply after months-long delay on his

18  part.   The deadline for disclosure of expert testimony has now passed and the discovery

19  cut-off is less than one month away.   Mr. Howell's conduct has brought this action to a

20  stall, threatens the integrity of the court's case schedule and trial date, and has consumed

21  unwarranted and inordinate amounts of the court's time and resources.   All of these

22

1    consequences arise solely from his failure and refusal to meet his ordinary discovery

2    obligations.  Accordingly, the first two factors weigh in favor of dismissal.

3        The third factor—the risk of prejudice to defendants—weighs heavily in favor of

4    dismissal in this case.  "A defendant suffers prejudice if the plaintiff's actions impair the

5    defendant's ability to go to trial or threaten to interfere with the rightful decision of the

6    case." *Adriana In'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). "The law

7    also presumes prejudice from unreasonable delay." *See In re Phenylpropanolamine*

8    *(PPA) Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006).  Here, HAL

9    has repeatedly had to seek court intervention to obtain discovery from Mr. Howell.  It

10   sought appropriate responses to its requests for interrogatories and requests for

11   production for more than a year.  (*See generally* 7/30/14 Order.)  It has been attempting

12   to depose Mr. Howell for nearly a year.  The deadline for expert witness disclosure has

13   passed and HAL has been unable to obtain an IME of Mr. Howell.  "The most critical

14   factor to be considered in case-dispositive sanctions is whether 'a party's discovery

15   violations make it impossible for a court to be confident that the parties will ever have

16   access to the true facts.'" *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1097 (quoting *Valley*

17   *Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998)).  Mr. Howell's pattern

18   of discovery delay and abuse make it impossible for this court to conclude that either it or

19   HAL will ever have access to the facts that are uniquely within Mr. Howell's control

20   (such as his testimony and an IME), and thus the court concludes that factor three weighs

21   in favor of dismissal.

22

Although the fourth factor of the test generally tends to cut against dismissal as a sanction, the public policy favoring the disposition of cases on their merits is not furthered by litigants who repeatedly ignore court orders and who refuse to provide the defense with critical discovery, thereby hindering the preparation of a defense on the merits. Mr. Howell cannot legitimately expect this case to proceed to a merits disposition if he refuses to provide HAL with appropriate access to legitimate discovery, including his deposition and IME. *See id.* at 1228 (the fourth factor "'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction") (citation omitted).

Finally, the court also concludes that the fifth factor—the availability of lesser sanctions—also favors dismissal. HAL has been forced to file three motions with respect to Mr. Howell's obstreperous discovery conduct. The court has already entered two orders directing Mr. Howell to provide properly requested discovery in accordance with the court's rules. (*See* 6/12/14 Order, 7/30/14 Order.) Although the court has endeavored to take Mr. Howell's pro se status into account, it is clear that Mr. Howell is not inclined to abide by the rules of discovery absent a court order directing him to do so. He will continue to delay this litigation and thwart HAL's attempts to gather discovery in accord with the rules.

The court's July 30, 2014, order provided an express warning to Mr. Howell that his continued failure to appear at his properly noted deposition could result in dismissal of his action. (*See* 7/30/14 Order at 4, n.1.) HAL reiterated this warning and quoted the court's order to Mr. Howell in its August 15, 2014, letter to him. (8/19/14 Wright Decl.

ORDER- 17

1  Ex. 4 at 2.)  Nonetheless, Mr. Howell has continued to decline to appear for his

2  deposition or to allow an IME.  The court concludes that warnings and threats of

3  dismissal have little or no effect on Mr. Howell.  He continues to decline to abide by the

4  rules relating to discovery herein.  Thus, there is no reason for believing that a lesser

5  sanction would be effective or that a sanction other than dismissal would cause him to

6  participate in this action.  *See Sanchez v. Rodriguez*, 298 F.R.D. 460, 472-73 (C.D. Cal.

7  2014) (citing *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1170-71 (9th Cir. 2012)

8  (affirming discovery sanction striking defendant's answer and rejecting defendant's

9  argument that the fifth factor was not met because the district court did not first

10  implement a lesser sanction and reasoning as follows:  the fact that a court does not first

11  impose a lesser sanction is not dispositive and "is just one factor"; when a court finds

12  willful disobedience of court orders, it can reasonably conclude that lesser sanctions

13  would be pointless; and it is appropriate for a court to reject lesser sanctions when it

14  anticipates further misconduct); *In re PPA*, 460 F.3d at 1229 ("explicit discussion of

15  alternatives is not necessary for a dismissal order to be upheld" and "[w]arning that

16  failure to obey a court order will result in dismissal can itself meet the 'consideration of

17  alternatives' requirement") (citations omitted)).  Thus, the court concludes that the fifth

18  and final factor also weighs in favor of dismissal.

19      Based on the court's weighing of the five factors delineated by the Ninth Circuit

20  for consideration prior to entry of terminal sanctions, the court concludes that Rule

21  37(b)(2)(A)(v) sanction of dismissal is appropriate and warranted here.  Accordingly, the

22  court grants HAL's motion and dismisses Mr. Howell's action with prejudice.

1    HAL also asked that the court award reasonable attorney's fees and expenses as an

2    additional sanction under Federal Rule of Civil Procedure 37(d)(3).  (*See* HAL Mot. at

3    10.)  The court, however, is disinclined to award reasonable expenses and attorney's fees

4    in this instance.  First, HAL's request for attorney's fees and expenses was not discussed

5    in its memorandum, but merely thrown into its introductory and concluding paragraphs

6    without further analysis.  (*See id.*)  Second, as the court noted in its previous order,

7    although Mr. Howell is presently proceeding pro se, during at least some of the time that

8    HAL was attempting to schedule his deposition, he was represented by counsel.  None of

9    these attorneys are presently before the court to account for their responsibility, if any, in

10   the delay with respect to Mr. Howell's deposition and IME.  Thus, the court finds that

11   this circumstance would render an award of fees and expenses against Mr. Howell unjust

12   at this time.  *See* Fed. R. Civ. P. 37(d)(3) (stating in pertinent part that the court "must

13   require the party failing to act, the attorney advising that party, or both to pay the

14   reasonable expenses, including attorney's fees, caused by the  failure, unless . . .

15   circumstances make an award of expenses unjust.").

## IV.  CONCLUSION

17       Based on the foregoing, the court GRANTS in part and DENIES in part HAL's

18   motion for sanctions against Mr. Howell (Dkt. # 42).  Specifically, the court GRANTS

19   HAL's request for terminal sanctions and DISMISSES Mr. Howell's action with

20   prejudice, but DENIES HAL's request for reasonable expenses and attorney's fees.  The

21   //

22   //

1 │ court also DENIES Mr. Howell's motion for a four-month extension of the case schedule

2 │ (Dkt. # 44).

3 │     Dated this 17th day of October, 2014.

4

5

6 │ _____

7 │ JAMES L. ROBART
  │ United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 20